# UNITED STATES DISTRICT COURT
for the
Middle District of Tennessee

| | |
|---|---|
| United States of America<br>v.<br>Thomas Daniel Yawn<br>*Defendant* | )<br>)<br>) Case No. 3:22-cr-00105<br>)<br>) |

## PROBATION ORDER UNDER 18 U.S.C. § 3607

The defendant having been found guilty of an offense described under 21 U.S.C. § 844, and it appearing that the defendant (1) has not, prior to the commission of such offense, been convicted of violating a federal or state law relating to controlled substances, and (2) has not previously been the subject of a disposition under this subsection,

**IT IS ORDERED:** The defendant is placed on probation as provided in 18 U.S.C. § 3607 for a period of _____six (6) months_____ without a judgment of conviction first being entered. The defendant must comply with the conditions of probation set forth on the next page of this order.

Date: 8/12/2022 ER ~~08/13/2022~~

*Judge's signature*

Eli Richardson, United States District Judge
*Printed name and title*

## Defendant's Consent

I have read the proposed probation order under 18 U.S.C. § 3607 and the conditions of probation, including the special conditions above. I understand that if I violate any conditions of probation, the court may enter a judgment of conviction and proceed as provided by law. I consent to the entry of the order.

I also understand that, if I have not violated any condition of my probation, the court, without entering a judgment of conviction, (1) may dismiss the proceedings and discharge me from probation before the expiration of the term of probation, or (2) must dismiss the proceedings and discharge me from probation at the expiration of the term of probation.

I also understand that, if I was under age 21 at the time of the offense, I am entitled to have the record of my arrest and conviction expunged upon application.

Date: 8/12/2022

*Defendant's signature*

*Signature of defendant's attorney*
Jerry Gonzalez
*Printed name of defendant's attorney*

## PROBATION

You are hereby sentenced to probation for a term of: <u>six (6) months</u>

### MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.
    - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*
7. ☐ You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. *(check if applicable)*
8. You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.
9. If this order imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this order.
10. You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

As part of your probation, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this order containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _[signature]_    Date 8/12/2022

## ADDITIONAL SUPERVISION CONDITIONS

1. You must not use or possess any controlled substances without a valid prescription. If you do have a valid prescription, you must disclose the prescription information to the probation officer and follow the instructions on the prescription.

2. You shall promptly advise the United States Probation Office of the name and contact information for any physician who prescribes any controlled substance and agrees to execute a release of information form so that verification may be obtained from such physician.